IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tammy Armitage, | FILED ELECTRONICALLY |
| Plaintiff | |
| v. | |
| Viking Collection Service, Inc., | |
| Defendant | |

## COMPLAINT

### I. Introduction

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act") which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3. Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

### III. Parties

4. Plaintiff, Tammy Armitage, is a natural person residing at 34 Quail Ln., Lawton, PA 18828.

5. Defendant, Viking Collection Service, Inc., ("The Collector") is a corporation engaged in the business of collecting debts in this state with a place of business located at 7500 Office Ridge Circle, Eden Praire, MN 55344-3678 and is a "debt collector" as defined by the Act, 15 U.S.C. § 1692a(6).

### IV. Statement of Claim

6. On or after May 1, 2010, the Collector was attempting to collect an alleged account ("the Account") from Plaintiff.

7. The Account is a "debt" as that term is defined by the Act, 15 U.S.C. § 1692a(5).

8. The collector regularly uses the telephone and mails to attempt to collect consumer debts alleged to be due another.

9. Between May 1, 2010 and June 24, 2010, the Collector caused at least five telephone calls ("*the Calls*") to be placed to Plaintiff.

10. During each of *the Calls*, The Collector left a message ("*the Messages*") for Plaintiff.

2

11. 15 U.S.C. § 1692e(11) requires a debt collector to disclose that the communication is from a debt collector in each communication with a consumer.

12. In each of *the Messages,* The Collector failed to disclose that the call was from a debt collector.

13. 15 U.S.C. § 1692d(6) requires a debt collector to provide a meaningful disclosure of identity in each communication with a consumer.

14. In each of *the Messages,* The Collector failed to provide this meaningful disclosure because it did not state the name of the Collector, or the purpose of the call.

15. *The Calls* and *the Messages* were attempts to collect the Account.

16. Defendant violated the Act , 15 U.S.C. § 1692, subsections d(6) and e(11).

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

## V. Demand for Jury Trial

Plaintiff demands a trial by jury as to all issues so triable.

                                  Respectfully Submitted,

                                  s/ Kenneth W. Pennington
                                  Kenneth W. Pennington
                                  Bar Number PA 68353
                                  Attorney for Plaintiff
                                  Sabatini Law Firm, LLC
                                  216 N. Blakely St.
                                  Dunmore, PA  18512
                                  Phone (570) 341-9000
                                  Facsimile (570) 504-2769
                                  Email kpecf@bankruptcypa.com